NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EARNEST ELLIOTT, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2380

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3676, Senior Judge Robert N. Davis.

---

Decided:  November 10, 2020

---

HAROLD HAMILTON HOFFMAN, III, Veterans Legal Advocacy Group, Arlington, VA, for claimant-appellant.  Also represented by EVAN TYLER SNIPES.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, ANDREW J. STEINBERG,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Earnest Elliott, Jr. appeals from the judgment of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals (the "Board") denying Elliott's claim of clear and unmistakable error in a 1999 Department of Veterans Affairs regional office ("RO") claim decision. *See Elliott v. Wilkie*, No. 17-3676, 2019 WL 3403587 (Vet. App. July 29, 2019). Because Elliott only challenges the Veterans Court's factual determinations and application of law to the facts, this appeal falls outside our jurisdiction. We therefore dismiss Elliott's appeal.

## BACKGROUND

Elliott served in the military from February 1990 to April 1998. Doctors diagnosed him with a grade III left acromioclavicular ("AC") joint separation after a January 1997 car accident. In February 1997, a medical examiner found Elliott fit for duty, noting that the left AC joint was non-tender and the injury asymptomatic. A medical record from October 1997 indicates that Elliott reported no shoulder pain and had no residual defects. A January 1998 medical record notes Elliott's report of shoulder pain after sports activity. A doctor prescribed limited duty, noting abduction strength loss.

Elliott was discharged in April 1998. In May 1998, Elliott filed a claim for service-connected disability compensation. A June 1998 medical record notes normal range of left shoulder motion as well as Elliott's complaints of numbness and tingling in his left arm, cold weather stiffness, collarbone pain, and pain on palpitation of the

collarbone. In February 1999, the RO awarded service connection for residuals of the left shoulder condition but assigned a noncompensable rating under diagnostic code 5203.

In November 2010, Elliott filed a claim of clear and unmistakable error in the RO's 1999 decision regarding the noncompensable rating. The RO denied Elliott's claim. Elliott then appealed to the Board, and the Board affirmed on September 19, 2017. Elliott appealed the Board's 2017 decision and the Veterans Court affirmed, finding no clear and unmistakable error in the RO's 1999 decision as to the noncompensable disability rating for the left shoulder condition. Elliott timely appealed to this court.

## DISCUSSION

Our jurisdiction to review a judgment of the Court of Appeals for Veterans Claims, as set forth in 38 U.S.C. § 7292, is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, however, this court may not review "a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see Wanless*, 618 F.3d at 1336.

Elliott asserts that this court has jurisdiction to hear this appeal under 38 U.S.C. § 7292(a) based on several alleged questions of law. Elliott first argues that the Veterans Court exceeded its harmless error review scope authority under 38 U.S.C. § 7261(b)(2) by making medical determinations, creating a presumption of healing, and finding extra-record facts. Elliott next alleges that the Veterans Court violated 38 U.S.C. § 5109A and 38 C.F.R.

§ 3.105 by misinterpreting what constitutes a "current disability" under 38 U.S.C. § 1110 when the Veterans Court considered medical exams predating the disability rating period. Elliott further argues that the Veterans Court allowed misapplication of pain regulations in 1999 and therefore also in this case, citing 38 C.F.R. § 4.71a and 38 C.F.R. §§ 4.10, 4.40, 4.45, 4.56, and 4.59. The government responds that the issues raised on appeal are not within the jurisdiction of this court but instead concern a factual dispute: disagreement with how the RO weighed the evidence.

We agree with the government that we lack jurisdiction to hear Elliott's appeal. The Veterans Court did not interpret 38 U.S.C. § 7261(b)(2), 38 U.S.C. § 5109A, or 38 C.F.R. § 3.105 in its decision. Rather, it merely applied the law to the facts of the case. While Elliott believes that he submitted sufficient evidence to establish clear and unmistakable error, the RO, Board, and Veterans Court did not. This amounts to a dispute over how the evidence was weighed. Elliott's argument thus does not present an issue on appeal over which we may exercise jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

Similarly, we find unpersuasive Elliott's argument regarding misapplication of 38 C.F.R. § 4.71a and 38 C.F.R. §§ 4.10, 4.40, 4.45, 4.56, and 4.59. Elliott challenges the regulations as applied to the facts of his case. This argument for jurisdiction of this court also fails. *See* 38 U.S.C. § 7292(d)(2).

## CONCLUSION

We have considered Elliott's remaining arguments but find them unpersuasive. For the reasons stated above, we dismiss Elliott's appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.